**SO ORDERED.**

**SIGNED this 18 day of November, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

RONNIE C. GRAHAM,

    Debtor.      Case No. 08-07229-8-JRL
               Chapter 13

_____

## ORDER

Before the court are the debtor's motions to extend the automatic stay and for turnover of property, as well as motions for relief from stay filed by Branch Banking & Trust Co. ("BB&T") and Greenville Financial Services, Inc. ("Greenville Financial"). On November 14, 2008, the court conducted a hearing on these matters in Raleigh, North Carolina.

The debtor filed his Chapter 13 petition on October 16, 2008. The debtor filed a previous Chapter 13 case that was dismissed on September 10, 2008. Because the debtor had a previous case pending within a year prior to filing this case, the debtor is subject to 11 U.S.C. § 362(c)(3)(A), which states that the automatic stay will terminate 30 days after filing. However, 11 U.S.C. § 362(c)(3)(B) allows for an extension of the stay beyond the 30-day period if the following four requirements are met: "(1) a motion is filed; (2) there is notice and a hearing; (3)

1

the notice and hearing are completed before the expiration of the original 30-day period; and (4) the debtor proves that the filing of the new case 'is in good faith as to the creditors to be stayed.'" In re Havner, 336 B.R. 98, 102 (Bankr. M.D.N.C. 2006).  In this case, the debtor filed a motion to extend the automatic stay, notice was given to creditors, and a hearing was held within the 30-day period.  Thus, the court may extend the automatic stay if the debtor proves he filed for bankruptcy protection in good faith.

  BB&T and Greenville Financial both object to an extension of the automatic stay. BB&T holds a promissory note in the original principal amount of $55,000.00 which is secured by a deed of trust on the debtor's principal residence.  According to the terms of the note, the debtor is required to pay BB&T $600.00 per month.  BB&T asserts that the debtor is in arrears in the amount of $8,122.92 and that the total balance owing on the note is $49,360.06.  In addition, BB&T alleges that the debtor has failed to maintain insurance on his home.  As a result, BB&T alleges that it is not adequately protected and the automatic stay should be lifted.

  Greenville Financial financed the purchase of the debtor's 2004 Jeep Cherokee.  On September 11, 2008, Greenville Financial repossessed the vehicle after the debtor's prior bankruptcy case was dismissed.  To date, Greenville Financial asserts that it has incurred repossession and storage costs and expenses in the total amount of $2,130.00.  On the date of the debtor's current petition, the debtor was four months past due and owed an outstanding balance to Greenville Financial in the amount of $12,577.18.  Greenville Financial alleges that the retail value of the Jeep Cherokee on that date was $11,650.00 and that the debtor had no insurance on the vehicle.  As a result, Greenville Financial requests relief from stay because it is not adequately protected and the debtor is unable to provide adequate protection.

Under 11 U.S.C. § 362(c)(3)(C), the debtor must rebut by clear and convincing evidence the presumption that the second case was not filed in good faith. The debtor asserts that his circumstances have changed and that he filed this present bankruptcy in good faith. The debtor testified that his prior bankruptcy failed because he was unable to make payments. However, at hearing the debtor established that he recently entered into a one-year lease with a tenant who pays $600.00 per month to live in the debtor's home. Aside from this rental income, the debtor receives approximately $1,014.00 per month in social security benefits. In addition, the debtor established that he currently maintains insurance on both his home and the Jeep Cherokee. Moreover, the debtor is actively seeking employment in order to supplement his income. The debtor further established that he is current on payments owed to the Trustee under his present bankruptcy plan. The debtor contends that he will be able to comply with the plan and understands that if he fails to comply his case may be dismissed.

Based on the record before the court, the debtor has shown by clear and convincing evidence that there is a substantial change in his financial affairs since the dismissal of his previous case. As a result, the motion to extend stay is ALLOWED and the motions for relief from stay are DENIED, subject to two conditions. First, the debtor has until December 1, 2008, to show BB&T that his home is insured under an insurance policy with a minimum fixed term of 6 months. Second, if the debtor is late on any payments by more than 20 days to the Trustee or BB&T within the next 12 months, the stay will automatically lift. The debtor's motion to turnover property of the estate is ALLOWED. However, Greenville Financial is entitled to a reimbursement of repossession and storage costs incurred. Therefore, the court requires the debtor to pay $1,000.00 to Greenville Financial before Greenville Financial is obligated to return

the vehicle to the debtor. The remaining $1,130.00 in incurred expenses will be added to Greenville Financial's claim and must be paid through the debtor's plan. Additionally, attorneys' fees for BB&T and Greenville Financial may be added to the amounts of their respective secured claims.

"END OF DOCUMENT"